UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK ADAMS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:11CV01831 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon pro se Movant Mark Adam's Amended Motion to Vacate, Set Aside, or Correct Sentence [ECF No. 12], filed April 17, 2012.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Following an indictment in which Movant was charged with being a felon in possession of a firearm, Movant was represented by federal public defender Diana Dragan. Dragan was allowed to withdraw from the case during the pretrial stage, at which point the federal district court appointed attorney Kevin Schriener [ECF No. 22-1 at *1]. Following a jury trial, Movant was found guilty of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and was sentenced to 115 months' imprisonment. *United States v. Adams*, Case No. 4:08CR00180 ERW (2008). Movant appealed, arguing, inter alia, that the district court abused its discretion in admitting evidence of Movant's prior possession of the firearm. *United States v. Adams*, 604 F.3d 596 (8th Cir. 2010). The Eighth Circuit affirmed, concluding that testimony of Movant's prior possession and use of the firearm was admissible, and that it directly supported the charge of possession. *Id.* at 599. The Eighth Circuit's decision was filed May 11, 2010, and a request for rehearing en banc

was denied July 13, 2010.  No writ of certiorari was filed.[1]  Movant's Motion to Vacate, Set Aside, or Correct Sentence was filed October 17, 2011, in which Movant claimed ineffective assistance of counsel at the pre-trial, trial, and appellate stages [ECF No. 1-1 at *5-6].[2]

The Government filed its response on January 31, 2012, arguing that the motion was barred by the one-year period of limitations, and in the alternative, that the motion should be denied [ECF No. 7].  With leave from this Court, Movant filed an Amended Motion April 17, 2012, in which he made clarifications to the original motion, as well as added two new allegations: ineffective assistance of counsel for failing to communicate a plea deal during the pretrial stage, and that the Government failed to provide impeachment evidence of one of their witnesses in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  The Government filed its Response August 2, 2012, arguing that Movant's original motion was untimely, that the two new claims should be barred for failing to relate back to the original motion, and that Movant's original claims should be denied [ECF No. 22].  Movant filed a "Motion in Traverse in Reply to Government's Response" on August 27, 2012 [ECF No. 23].

## II.    DISCUSSION

Under 28 U.S.C. § 2255(a), a federal prisoner is entitled to have his sentence vacated, set aside, or corrected if he can prove the sentence violated constitutional or federal law, the court lacked jurisdiction, the sentence exceeded statutory maximums, or the sentence was otherwise subject to collateral attack.  To obtain relief, the movant must establish a violation constituting a

---

[1] Movant claimed in his § 2255 motion that a writ of certiorari had been made [ECF No. 1 at *2].  There is no evidence that such writ was actually filed.  For purposes of determining when the period of limitations began to run on Movant's current motion, this Court will treat the writ as not having been filed.

[2] Some of Movant's claims relate to the performance of Diana Dragan, while some relate to the performance of Kevin Schriener.  Still other claims relate to the alleged failure of Schriener to argue on appeal Dragan's ineffective assistance.  These claims are considered in toto.

2

"fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989).

Section 2255 claims also are limited by procedural default. Nonconstitutional or nonjurisdictional issues that could have been raised on appeal are not properly part of a § 2255 motion. *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Even constitutional and jurisdictional issues will be procedurally defaulted unless the movant can establish either cause for the default and actual prejudice, or actual innocence. *Id.*; *Bousley v. United States*, 523 U.S. 614, 622 (1998). The doctrine's objectives are "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 504 (2003). However, ineffective assistance of counsel claims generally may be raised for the first time in a § 2255 motion, regardless whether they could have been raised on direct appeal. *Id.* ("We conclude that requiring a criminal defendant to bring ineffective-assistance-of-counsel claims on direct appeal does not promote these objectives."). This exception prevents movants from being forced "to raise the issue before there has been an opportunity to fully develop the factual predicate for the claim." *Id.*

If a movant is not procedurally barred from making a § 2255 motion, the Court must hold an evidentiary hearing to consider the claims made therein "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) ("No hearing is necessary, however, 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'") (quoting *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007). Thus, a movant is entitled to an evidentiary hearing so long as "the facts

alleged, if true, would entitle [the movant] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). A § 2255 motion can be dismissed without an evidentiary hearing if 1) the movant's allegations, accepted as true, would not entitle the movant to relief, or 2) the allegations cannot be accepted as true because they are contradicted by the record, not credible, or conclusory. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *Holloway v. United States*, 618 F.2d 507, 510 (8th Cir. 1980).

### A. TIMELINESS OF MOVANT'S § 2255 MOTION

A one-year period of limitation applies to motions brought under 28 U.S.C. § 2255. This period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). With respect to (1), "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). "[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Id.* at 532. A defendant has ninety days from entry of judgment to petition the Court for certiorari. Sup. Ct. R. 13.1. Thus for a federal criminal defendant who does not file a

4

writ with the Supreme Court, the defendant must file his § 2255 motion no later than fifteen months from the date the appellate court entered its judgment.

The "prison mailbox rule" governs the date of filing for pro se criminal defendants in federal courts. *Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999). Under the rule, a pro se prisoner's motion is deemed filed on the date it is placed into the prison mailing system, which is the date the motion is turned over to prison authorities. *Houston v. Lack*, 487 U.S. 266, 270 (1988); *see also* Fed. R. App. P. 4(c)(1), as amended 1998 (codifying *Houston v. Lack*).

The Eighth Circuit's denial of en banc rehearing was entered July 13, 2010. Movant's ninety-day period in which to file a petition for writ of certiorari expired October 12, 2010. Therefore, Movant was required to have delivered his motion to prison authorities no later than October 12, 2011. Under penalty of perjury, Movant declared that his motion was placed into the prison mailing system on September 26, 2011 [ECF No. 1 at *13]. The motion was mailed seventeen days later, on October 13, 2011, and was received by the Court on October 17, 2011. Movant claims in an affidavit that the seventeen-day delay between his placing his motion with prison authorities and mailing was due to his motion being returned twice for incorrect postage [ECF No. 13 at *26]. The Government's response does not address Movant's claim, but merely incorporates by reference its original argument that a seventeen-day gap is "not believable." [ECF No. 22 at *1; ECF No. 7 at *4].

This Court concludes that a question of fact exists as to whether Movant's motion was timely filed; however, even if Movant's motion was timely filed, his allegations of ineffective assistance of counsel are without merit. Therefore this Court will proceed as though Movant's motion was timely filed in accordance with the prison mailbox rule.

5

**B.    MOVANT'S AMENDED CLAIMS**

Movant's amended motion was filed April 17, 2012 [ECF No. 12].  In his motion, Movant clarified which witnesses should have been called in his defense, the failure of which allegedly constituted ineffective assistance of counsel.  Movant also asserted two new claims that did not appear in his original complaint: that counsel was ineffective for failing to communicate an alleged plea deal to him prior to his trial, and that the government failed to provide impeachment evidence of one of its witnesses in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) (holding that the prosecution must turn over relevant impeachment evidence of its witnesses to the defense).

Because Movant's amended motion was untimely, only those claims that relate back to the earlier, timely-filed motion will be considered.  This Court granted Movant leave to file an amended motion: however, the proper scope of that motion is facts and circumstances relating to his original claims, not new unrelated claims.  Fed. R. Civ. P. 15(c); *United States v. Hernandez*, 436 F.3d 851, 856-67 (8th Cir. 2006) (Rule 15(c) applies to § 2255 motions); *see also U.S. v. Duffus*, 174 F.3d 333, 338 (3rd Cir. 1999) ("A prisoner should not be able to assert a claim otherwise barred by the statute of limitations merely because he asserted a separate claim within the limitations period.").  Under Rule 15(c)(1)(B), a claim "relates back" when it arises out of the same "conduct, transaction, or occurrence" as the original claim.  For a claim to arise out of the same conduct, transaction, or occurrence, it must be of the same "time and type" as those in the original motion, "such that they arise from the same core set of operative facts." *Hernandez*, 436 F.3d at 857.

An amended claim of ineffective assistance of counsel that addresses a different point in the trial does not satisfy the "relate back" requirement of Rule 15(c).  *Id.* at 857; *see also United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) ("[A] petitioner does not satisfy the Rule 15

6

'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance."). Movant's allegation of a plea deal that his attorney failed to communicate constitutes a new assertion of ineffective assistance of counsel not arising out of the same conduct, transaction, or occurrence as the other allegations. It is thus not of the "time and type" as his previously-asserted claims.

Likewise, Movant's argument that the Government failed to provide impeachment evidence of a witness is not of the same "time or type" as the allegations and facts previously asserted. Nothing in Movant's originally-filed motion suggests that the Government failed to provide evidence relating to its witness. While Movant does allege in the original motion that "Trial COunsel [sic] was ineffective for failing to object to and/or research into the credibility of informant," [ECF No. 1-1 at *5], a subsequent allegation against the prosecution with respect to that informant does not involve the same conduct, transaction, or occurrence as the previous claims. Whether the prosecution failed to disclose impeachment evidence of a witness is a different allegation than whether Movant's counsel acted deficiently with respect to that witness. As Movant had not previously alleged that the Government had evidence that would impeach the credibility of its witness, this allegation is not of the "time and type" as his previously-asserted claims.

Because Movant's amended claim includes two additional issues that do not relate back to his original timely-filed motion, those issues will not be considered by this Court as part of his § 2255 motion. However, Movant's addition of particular details regarding which witnesses should have been called in his defense are of the same "time and type" as the original motion, as conceded by the Government [ECF No. 22 at *2-3], and thus relate back to the original motion.

7

## C.  INEFFECTIVE ASSISTANCE OF COUNSEL

To succeed on a claim of ineffective assistance of counsel, a movant must prove (1) that counsel's performance was deficient, and (2) that the deficiency was prejudicial to the case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first prong of *Strickland*, deficient performance, a movant must show that counsel's representation failed to meet an objective standard of reasonableness, with a strong presumption that counsel's conduct fell within the range of "reasonable professional assistance." *Id.* at 688. The deficiency must be so serious that it did not constitute functioning "counsel" guaranteed by the Sixth Amendment. *Id.* at 687. Reasonable assistance is assessed in light of professional norms prevailing at the time the representation took place. *Sinesterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010).

To satisfy the second *Strickland* prong, that counsel's deficient performance resulted in actual prejudice, the movant must demonstrate a reasonable probability that but for the error, the result would have differed. *Strickland*, 466 U.S. at 694. "Reasonable probability" requires a showing "sufficient to undermine confidence in the outcome." *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008) (quoting *Strickland*, 466 U.S. at 694).

This Court now considers each of Movant's three claims of ineffective assistance of counsel, in turn.

### 1.  PRETRIAL INEFFECTIVE ASSISTANCE OF COUNSEL

Movant alleges that counsel failed to fully advise him of his constitutional rights before waiving his right to a pretrial evidentiary hearing, and that this failure constituted deficient performance; Movant also alleges ineffective assistance of counsel against attorney Schriener for failing to argue attorney Dragan's ineffective assistance on appeal.

Counsel for Movant filed with this Court on May 2, 2008 "Defendant's Waiver of Filing Pretrial Motions." *United States v. Adams*, No. 4:08CR00180 ERW (MLM) [ECF No. 19]. The waiver established that Movant, "having been fully advised of his right to file pre-trial motions and to have an evidentiary hearing thereon" agreed that "there are no issues that he wishes to raise by way of pre-trial motions in this cause." *Id.* The motion also noted that "[c]ounsel has personally discussed this matter with the Defendant and the Defendant agrees and concurs in the decision not to raise any issues by way of pre-trial motions." *Id.*

On May 6, 2008, Movant appeared before United States Magistrate Judge Mary Ann L. Medler. The record reflects that Movant was informed of the rights he would be giving up, what the nature of those rights were, and that he was knowingly and voluntarily waiving those rights. *United States v. Adams*, No. 4:08CR00180 ERW (MLM) [ECF No. 21].

There is no evidence, beyond Movant's bare allegation, that Movant made anything other than a knowing and voluntary waiver of his right to a pretrial evidentiary hearing. Conclusory allegations are not sufficient to rebut a strong presumption of competence. *Estes v. United States*, 883 F.2d 645, 647 (8th Cir. 1989). Because the record establishes that Movant made a knowing and voluntary waiver, and that he had an opportunity to decline to waive his pretrial rights, Movant cannot establish that counsel was deficient, and thus the first prong of *Strickland* is not satisfied. Moreover, because the record shows Movant was informed by the Magistrate of the rights he was giving up, Movant cannot establish the second prong of *Strickland*, that he was prejudiced by any alleged failure of counsel to advise him. Where the court confirms that the movant is making a knowing and voluntary waiver of his right to pretrial motions, the defendant is not prejudiced and there is no ineffective assistance of counsel. *See id.* at 648. Because the

9

record affirmatively refutes each of Movant's factual allegations, an evidentiary hearing is unnecessary. *See Anjulo-Lopez*, 541 F.3d at 817.

Movant also alleges that counsel was ineffective for failing to argue the above point, that counsel was ineffective at the pretrial stage. However, counsel is not obliged to advance legal arguments that are without merit. *Roe v. Delo*, 160 F.3d 416, 418 (8th Cir. 1998). Because Movant's allegation of ineffective assistance of counsel at the pretrial stage is without merit, counsel was not ineffective for failing to make that argument.

## 2.     INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL

Movant argues that counsel was ineffective for failing to object to and/or research into the credibility of the prosecution's witness, for failing to investigate and call five witnesses that would have established his innocence, and for failure to object to the validity of the Government's search warrant [ECF No. 12 at *2-6].

At the outset, we note that decisions of trial strategy, including whether to call witnesses, generally will not support a finding of ineffective assistance of counsel. *Strickland*, 466 U.S. at 689; *United States v. Staples*, 410 F.3d 484, 488 (8th Cir. 2005). On the other hand, ineffective assistance of counsel generally is clear when counsel fails to conduct reasonable background investigations or to exercise reasonable judgment in determining what evidence to present at trial. *Chambers v. Armontrout*, 907 F.2d 825, 835 (8th Cir. 1990); *cf. Sinisterra v. United States*, 600 F.3d 900, 907 (8th Cir. 2010) (citing *Williams v. Taylor*, 529 U.S. 362, 396 (2000).

The record affirmatively refutes each of Movant's claims. The Government provided a sworn affidavit from Mr. Schriener in which he states that a reasonable investigation into relevant witnesses was performed and provides reasons for not calling each of those witnesses [ECF No. 22-1]. With respect to each witness Movant alleges should have been investigated and called to

10

testify, the affidavit establishes that either Movant failed to provide counsel the individual's name at the time, or that counsel investigated the applicable witness and, if located, determined that their testimony would not have been valuable to the defense.

Movant's trial conviction was affirmed on the basis of evidence of prior possession of the weapon, as well as evidence of his use of the weapon. *Adams*, 604 F.3d at 599.   No witness identified by Movant could provide relevant evidence that would have refuted either of these evidentiary bases.  Much of Movant's allegations relate to whether he legally resided at the house where the weapon was located; however, residence or even use of the property at the time was not the basis for Movant's conviction.

Movant alleges, as well, counsel's failure to argue the validity of the search warrant issued by the magistrate judge.  Movant's basis for attacking the validity of the search warrant is that it failed to identify Movant by name.  Movant made a knowing and voluntary waiver of his right to make pretrial motions, including challenging the validity of the search warrant.  Moreover, a review of the search warrant's supporting affidavit shows that it adequately and fully described the property to be searched, as well as naming Movant, negating any potential for mistake. Lastly, there is no allegation of mistake as to Movant; the property and person intended to be searched were searched.  *See United States v. Palega*, 556 F.3d 709, 714 (8th Cir. 2009) (upholding search warrant that used incorrect name for defendant where no mistake was made). Because counsel was not obliged to raise claims that lacked merit, *see Roe v. Delo*, 160 F.3d at 418, Movant cannot establish ineffective assistance of counsel.

The record affirmatively refutes each of Movant's claims of deficient performance during trial.  Movant has not overcome the presumption that decisions of trial strategy, including the calling of witnesses, generally will not support a finding of ineffective assistance of counsel.

Moreover, because the record establishes that the witnesses in question could not have provided any testimony relevant to the case, any deficient performance would not have prejudiced Movant's case. Thus Movant fails both prongs of the *Strickland* analysis. Because the record affirmatively refutes each of Movant's factual allegations, an evidentiary hearing is unnecessary. *See Anjulo-Lopez*, 541 F.3d at 817.

### 3. INEFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL

Lastly, Movant argues that counsel was deficient for failing to raise on appeal his claims of ineffective assistance of counsel.

Claims of ineffective assistance of counsel normally are raised for the first time in collateral proceedings under § 2255, and not on appeal. *United States v. Coleman*, 603 F.3d 496, 500 (8th Cir. 2010). Claims of ineffective assistance of counsel on appeal are "premature . . . because normally such a claim cannot be advanced without the development of facts outside the original record." *United States v. Hill*, 91 F.3d 1064, 1072 (8th Cir. 1996) (quoting *United States v. Lewin*, 900 F.2d 145, 149 (8th Cir. 1990). However, an appellate court may properly consider such claims when they do not turn on information outside of the district court record. *United States v. Staples*, 410 F.3d 484, 488 (2005). Courts have considered on appeal ineffective assistance of counsel claims based on counsel's failure to call witnesses. *Id.*; *United States v. Hunter*, 95 F.3d 14, 17-18 (8th Cir. 1996).

However, this Court already has concluded that Movant's claims of ineffective assistance of counsel at the pretrial and trial stage are without merit. Counsel was not deficient for failing to make claims that were without merit, *see Roe v. Delo*, 160 F.3d at 418, and Movant cannot establish ineffective assistance of counsel on that basis.

**III.    CERTIFICATE OF APPEALABILITY**

This Court finds that Movant has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can be issued. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Movant's § 2255 Motion.

**IV.    CONCLUSION**

Because Movant's amended motion contained two new claims that did not relate back to the original timely-filed motion, those claims are not timely and were not considered.

This Court concludes that Movant's original claim of ineffective assistance of counsel fails both prongs of *Strickland v. Washington*, in that Movant cannot establish that counsel was deficient in their representation, nor that any alleged deficiency would have been prejudicial to his defense.

Movant has not demonstrated a need for an evidentiary hearing. Each of his claims are affirmatively refuted by the record. Therefore, Movant has not alleged deficient performance under *Strickland* and an evidentiary hearing is not necessary.

Accordingly,

**IT IS HEREBY ORDERED** that pro se Movant Mark Adam's Amended Motion to Vacate, Set Aside, or Correct Sentence [ECF No. 12] is **DENIED**.

Dated this 30th Day of August, 2012.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE