UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK ADAMS, ) | |
| ) | |
|     Movant, ) | |
| ) | |
| vs. ) | Case No. 4:11CV1831 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Movant's Motion to Obtain Grand Jury Transcripts in Defendant's case [ECF No. 31]. Federal Rule of Criminal Procedure 6(e) provides that "[r]ecords relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." However, Rule 6(e) does identify certain circumstances under which the court may authorize disclosure of a grand jury matter. Fed. R. Civ. P. 6(e). In particular, Rule(6)(e)(3)(E)(i) provides that courts may authorize disclosures "preliminary to or in connection with a judicial proceeding." In these situations, the party seeking grand jury transcripts must demonstrate a "particularized need" by showing "that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Co. v. Petrol Stops NW*, 441 U.S. 211, 222 (1979).

In this instance, Movant has not demonstrated a "particularized need" for grand jury transcripts. The Movant's cited need is to impeach the testimony of a law enforcement officer who testified at the grand jury proceeding and at Defendant's trial; more specifically, that

testimony which relates the officer's search warrant.  Movant contends that the prosecutor in his case used faulty information provided by the officer to get an indictment, and that "armed without it there would be no case or factual facts to present to the grand jury[,]" and the officer would not have been a witness at his trial.  Movant further states that a request he made to the Circuit Court for a copy of said search warrant was not granted because the warrant was "not in the Circuit Clerk's legal file."  Movant claims "there seems to never had been a search warrant issued" to the officer, and he asserts that the warrant was the "sole means of information " provided by the officer at the hearing.  A review of the record, however, shows the presence of the warrant, which was received as an exhibit in Defendant's trial [ECF No. 7-1].  Furthermore, the record reveals that Movant's argument for attacking the validity of the search warrant was fully considered in the Court's Order denying Movant's 28 U.S.C. § 2255 motion on August 30, 2012 [ECF Nos. 25, 26].   Review of the search warrant's supporting affidavit shows that it adequately and fully described the property to be searched, and identified Movant by name.  The Court will deny Movant's Motion to Obtain Grand Jury Transcripts.  A copy of the search warrant will be provided with this order.

Accordingly,

**IT IS HEREBY ORDERED** that the Movant's Motion to Obtain Grand Jury Transcripts in Defendant's case [ECF No. 31] is **DENIED**.

Dated this  25th  day of January, 2013.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE